J-S83007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES COKER | : | |
| | : | |
| Appellant | : | No. 3764 EDA 2016 |

Appeal from the PCRA Order November 18, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0802231-2006

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 29, 2018**

Appellant, James Coker, appeals from the order denying his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In addressing Appellant's direct appeal, a panel of this Court summarized the factual history of this case as follows:

> On June 26, 2006, Appellant fired fifteen to seventeen shots at two men, injuring one and killing the other.  In addition to the surviving victim, there was an eyewitness who testified at trial.  The shooting was the result of an argument earlier that evening involving Appellant's cousin and the deceased victim, which in turn grew out of an earlier arrest for firearms violations.  [Appellant's] cousin had received a sentence of house arrest, but the victim did not, which sparked the argument.  Later, Appellant approached the victim and [the victim's] friend, who was not otherwise involved, in his car, which was driven by another man identified in the record only as "Justin."  Justin waited in the car until Appellant returned from shooting the victims and they left together.

***Commonwealth v. Coker***, No. 3142 EDA 2007, unpublished memorandum at 2 (Pa. Super. filed November 19, 2008), appeal denied, 981 A.2d 217 (Pa. 2009).

Following his trial, a jury convicted Appellant of Third-Degree Murder, Attempted Murder, Aggravated Assault, Possessing an Instrument of Crime, Carrying a Firearm Without a License, and Criminal Conspiracy. On June 28, 2007, the trial court sentenced Appellant to an aggregate term of incarceration of forty to eighty years. Appellant filed a Post-Sentence Motion, which the court denied. On November 19, 2008, a panel of this Court affirmed Appellant's Judgment of Sentence, and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on July 22, 2009. Appellant did not seek review by the U.S. Supreme Court. His Judgment of Sentence, thus, became final on October 20, 2009.[1]

On April 12, 2010, Appellant filed his first PCRA Petition *pro se*. In his Petition, Appellant claimed generally that his trial counsel was ineffective for having failed to call three witnesses at trial. *Pro Se* PCRA Petition, 4/12/10, at 4. That same day, Appellant also filed a "First *Pro Se* Amended PCRA

---

[1] **See** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking the review); U.S.Sup.Ct.R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by a state court of last resort is timely when it is filed with the Clerk within 90 days after entry of order denying discretionary review."); ***Commonwealth v. Miller***, 102 A.3d 988, 993 (Pa. Super. 2014).

Petition," in which he reiterated his ineffective assistance of counsel claim, and, *inter alia*, identified Justin Pearcy[2] as one of the witnesses his trial counsel failed to "investigate, interview, and subpoena" as a "relevant and exculpatory eyewitness."[3]  First *Pro Se* Amended PCRA Petition, 4/8/10, at 3. Appellant averred that his trial counsel was aware of the materiality of Pearcy's testimony as an exculpatory witness because police investigators had interviewed Pearcy twice.  *Id.* at 4.  Appellant alleged that Pearcy would have provided evidence "that others, and not [Appellant], committed the crimes herein."  *Id.* at 4, 5.  Appellant attached to this Petition a "Certification of Testimony of Witness Justin Pearcy" ("Certification") in which Appellant represented to the court that Pearcy would testify that Appellant informed Pearcy that he would be staying home for the duration of the night of the shooting and that Pearcy had borrowed Appellant's car that night.  Certification at 1.

The PCRA court appointed counsel, who filed an Amended PCRA Petition on April 21, 2011, a Corrected Amended PCRA Petition on April 27,

_____

[2] The Commonwealth charged Justin Pearcy, the driver of Appellant's vehicle to the scene of the crime, with the same crimes as Appellant.  Pearcy was tried separately, 10 months after Appellant's trial, and was acquitted of all charges.

[3] Not relevant to the instant appeal, Appellant also identified Tyisha Stotts as a witness who would have offered exculpatory testimony had she been called to testify at trial by Appellant's trial counsel.  **See** First *Pro Se* Amended PCRA Petition at 3, 5-6.  **See also** Certification of Testimony of Witness Tyisha Stotts.

- 3 -

2011, and a Supplemental Amended PCRA Petition on October 21, 2011. In these pleadings, Counsel reasserted Appellant's ineffective assistance of counsel claim, but identified only Andrea Moore and Anthony Wiggins as witnesses whose testimony trial counsel was ineffective for not having procured. Following a hearing on the Petition, on May 18, 2012, the PCRA court dismissed it as lacking merit.

On May 23, 2012, Appellant filed a Motion to Vacate the dismissal order, claiming he had become aware of after-discovered evidence.[4] The PCRA court vacated the dismissal order, and PCRA counsel filed a supplemental PCRA Petition. On September 10, 2012, the PCRA court provided Notice of Intent to Dismiss Appellant's Petition pursuant to Pa.R.Crim.P. 907, concluding that Appellant's claim lacked merit. Appellant did not file a response to the Rule 907 Notice. On October 5, 2012, the PCRA court dismissed Appellant's amended Petition. This Court affirmed on June 13, 2014. Appellant did not file a Petition for Allowance of Appeal with our Supreme Court.

On April 11, 2016, Appellant filed the instant *pro se* PCRA petition, his second, again claiming that he had after-discovered evidence. This time, Appellant attached the affidavit of Justin Pearcy, who affirmatively identified

_____

[4] The purportedly after-discovered evidence consisted of the existence of a witness, Barry Mitchell, whom Appellant claimed would have contradicted the testimony of Alfonso Sanders, the Commonwealth's only eyewitness.

Eric Hayes, and not Appellant, as the shooter in the incident for which the jury had convicted Appellant.  PCRA Petition, 4/11/16, at 2.  ***See also id.*** at Exhibit A (Affidavit of Justin Pearcy).  Pearcy stated in his affidavit that Appellant had asked him to testify at Appellant's trial, but that Pearcy "informed him that if he or his attorney should call me to testify[,] I will invoke my Fifth Amendment right to remain silent."  ***See*** Affidavit of Justin Pearcy.  Appellant claimed in his Petition that he filed the instant Petition within 60 days of receiving the affidavit.  PCRA Petition at 2.

On October 4, 2016, the PCRA court issued a Notice of Intent to Dismiss Appellant's Petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* Response to the Rule 907 Notice on October 19, 2016.  In his Response, Appellant reiterated his claim that the affidavit of Justin Pearcy constitutes newly-discovered exculpatory evidence and that he timely filed his Petition pursuant to the exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii).  On November 18, 2016, the PCRA court dismissed Appellant's Petition as untimely.  This appeal followed.

Appellant raises the following issue on appeal:

> Were the facts in the former co-defendant's affidavit, in which he attests to witnessing another person shoot the two victims in the case, and identifies the shooter by name (thereby exonerating [Appellant], unknown to [Appellant] and not ascertainable by him through the exercise of due diligence, prior to his receipt of the affidavit, thereby satisfying 42 Pa.C.S. § 9545(b)(1)(ii)?

Appellant's Brief at 2.

- 5 -

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. No court has jurisdiction to hear an untimely PCRA Petition. **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005).

A PCRA Petition must be filed within one year of the date the underlying judgment becomes final; a judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3).

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides as follows:

> **(b) Time for filing petition.**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

**(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence**; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1-2) (emphasis added).

Here, Appellant's Petition, filed more than six years after his Judgment of Sentence became final, is facially untimely.[5] Appellant maintains, however, that his PCRA petition should be reviewed because it falls within the exception for newly discovered facts, 42 Pa.C.S. § 9545(b)(1)(ii). Appellant's Brief at 18.

The exception in Section 9545(b)(1)(ii) requires a petitioner to plead and prove that "1) the facts upon which the claim was predicated were unknown [at the time of trial;] and 2) could not have been ascertained by the exercise of due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (citation, internal quotation marks, and emphasis omitted).

_____

[5] The period in which Appellant could have filed a timely PCRA Petition ended on October 20, 2010.

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted). A petitioner does not satisfy the "newly-discovered facts" exception to the PCRA's time-bar where he merely alleges a newly-discovered or newly-willing source for previously known facts. ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008).

Appellant argues that the PCRA court erred in concluding that the identification by Justin Pearcy of Eric Hayes as the actual shooter did not constitute a previously unknown fact for purposes of establishing an exception to the PCRA's time-bar. Appellant's Brief at 22. Appellant claims that Pearcy's sworn statement that he would have testified that he borrowed and drove Appellant's car on the night of the incident, and that the passenger who committed the crimes for which the jury convicted Appellant was Eric Hayes, is a new fact. ***Id.*** at 19, 23. Appellant argues that the trial court had jurisdiction to entertain his claim because Pearcy was unavailable as a witness at the time of trial, and Appellant filed the instant PCRA Petition within 60 days of receiving Pearcy's affidavit.

Appellant further argues that the PCRA court employed faulty logic in denying his Petition. While Appellant acknowledges that Pearcy's statement that Appellant was not the shooter is not a fact previously unknown to

Appellant, he argues that the identification of Eric Hayes as the shooter is a new fact, which was, until the time of the Pearcy affidavit, undiscoverable by Appellant. Appellant avers that, by the PCRA's court logic, it would never be possible for any defendant whose defense is based on a claim of not having been present at the crime—as Appellant has maintained in the instant case—to successfully raise a claim based on the newly-discovered fact of the actual perpetrator's identity. *Id.* at 22-23.

As an initial matter, Appellant has failed to demonstrate that he exercised due diligence in obtaining the information from the affiant on which he bases his Petition. As noted *supra*, to satisfy the requisites of the "newly-discovered fact" exception to the PCRA's time-bar, Appellant must plead and prove that the "new" fact was unknown to him at the time of trial and it could not have been ascertained by the exercise of due diligence. *Bennett*, 930 A.2d at 1272. In his Petition, Appellant asserted that his "mother received in the mail an affidavit from Justin Pearcy[,] and his mother forwarded it to [Appellant]." *Pro Se* PCRA Petition "Timeliness of Instant PCRA Petition," 4/11/16, at 2. Appellant further claimed in his Petition that he could not obtain the information contained in Pearcy's affidavit earlier because "Justin Pearcy would have made himself unavailable at the time of trial by asserting his Fifth Amendment Right." *Id. See also* Pearcy Affidavit.

A witness's invocation of his Fifth Amendment rights renders him unavailable. ***Commonwealth v. Franklin***, 580 A.2d 25, 29 (Pa. Super. 1990). However, the witness's unavailability ends when he is acquitted of the same charges for which his co-defendant was convicted. ***Commonwealth v. Fiore***, 780 A.2d 704, 712 (Pa. Super. 2001).

Pearcy was acquitted of all charges arising from this incident in 2008. Pearcy, as the driver of the car that transported the shooter to the scene of the crime, has presumably known the identity of the shooter since the incident.[6] However, in his Petition, Appellant failed to explain why he was unable to procure Pearcy's testimony during the pendency of his direct appeal or his first PCRA petition, both of which postdated Pearcy's acquittal. Thus, Appellant has failed to plead and prove that he exercised due diligence, but was not able to ascertain this arguably new fact sooner.

Moreover, as stated above, Appellant certified in his April 2010 First *Pro Se* Amended PCRA Petition, that, at the time Appellant filed that Amended PCRA Petition, Pearcy was "available to testify" and would have testified that he drove Appellant's car on the night of the shooting while Appellant stayed home. Certification at 1. This assertion belies Appellant's present claim that Pearcy's testimony was unavailable before 2016 and Appellant does not explain why he failed to pursue this claim regarding

---

[6] Appellant has not alleged that Pearcy only recently learned that Eric Hayes was the actual shooter.

- 10 -

Pearcy's purportedly exculpatory testimony before filing the instant Petition. ***See Commonwealth v. Yaris***, 731 A.2d 581, 590 (Pa. 1999) (finding defendant did not exercise due diligence where he failed to explain why information contained in a witness's affidavit could not have been obtained sooner).

Because we have concluded that Appellant failed to explain why he could not have learned this alleged new fact earlier with the exercise of due diligence, we need not reach the merits of Appellant's claim that the identity of the shooter is a "new fact." ***See Bennett***, 930 A.2d at 1272.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/18